UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————————

BUFFALO LABORERS' WELFARE FUND, et al.

                              Plaintiffs,

              -vs-                                           06-CV-101C

MCS REMEDIAL SERVICES, INC.,

                              Defendant.

—————————————————————————————


## BACKGROUND

        Plaintiffs are jointly administered, multi-employer, labor-management trust funds

established and maintained in accordance with various collective bargaining agreements,

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

("ERISA"), and the Labor-Management Relations Act of 1947 ("Taft-Hartley Act").[1]

Defendant is a non-union contractor involved in the business of asbestos removal, and was

engaged as a subcontractor on a public works project known as the Joint Schools

Construction Board School Construction and Rehabilitation Project ("Schools Project").

Plaintiffs brought this action pursuant to sections 502(a)(3) and 515 of ERISA, 29 U.S.C.

§§ 1132 (a)(3), 1145, section 301 of the Taft Hartley Act,  29 U.S.C. § 185, and for breach

of contract, seeking payment of employee fringe benefit contributions in accordance with

the Schools Project project labor agreement ("PLA").   Defendant filed a motion for

summary judgment, arguing that it was not required to contribute to the funds as it had

—————————————————

        [1] Plaintiffs also include the Administrator of the Funds and the Laborers' International Union of
North America, Local 210.

provided health insurance to certain of its employees and paid the remaining employees cash supplements in accordance with New York Labor Law § 220.  Item 10.  Plaintiffs cross-moved for summary judgment seeking an order that defendant is liable for the payment of employee fringe benefits, dues check-offs, and/or agency fee payments pursuant to the PLA, a collective bargaining agreement ("CBA"), and ERISA.  Item 20.

In a decision dated March 31, 2008, this court denied defendant's motion for summary judgment and granted plaintiffs' cross motion for partial summary judgment on the issue of liability.  Item 41.  The Schools Project PLA requires the contractor to "pay contributions to the established employee benefit funds . . . in the amounts designated . . . ."  Item 21, Exh. A, Article XI, section 2(a).  However, pursuant to the PLA, a contractor could satisfy the benefit obligation with respect to those employees designated as "core" employees or minority employees by providing coverage for those employees under a bona fide private benefit plan "to the extent consistent with" New York Labor Law § 220.  *Id.,* section 2(b).  Defendant admitted that it failed to contribute to the plaintiff funds, but stated that it provided health insurance to certain of its employees and, relying on Labor Law § 220, paid cash supplements to the others.  The court found that New York Labor Law § 220 does not relieve defendant of the contribution obligation under the PLA, the CBA, and ERISA, and concluded that defendant was liable for fringe benefit contributions, dues check-offs, and/or agency fees.  The court ordered a completion of an audit of payroll records so as to ascertain the total amount of damages and encouraged the parties to settle the damages portion of the case.

Thereafter, defendant filed a motion for reconsideration.  Item 42.  Plaintiffs filed a response to the motion on May 19, 2008 (Item 47), and defendant filed a reply on June 9, 2008.  Item 48.  For the reasons that follow, the motion for reconsideration is denied.

**DISCUSSION**

A motion for reconsideration should be granted when the moving party can identify controlling decisions or information that the court overlooked "that might reasonably be expected to alter the conclusion reached by the court."  *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Quinn v. Altria Group, Inc.*, 2008 WL 3518462 at *1 (S.D.N.Y. August 1, 2008) (citing *Virgin Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)).

In support of the motion for reconsideration, defendant points to no change in controlling law or new evidence, but argues that it is manifestly unjust to require it to make "duplicate" benefit payments to the plaintiff funds when it has already paid its employees an equivalent amount in cash.  The PLA requires contribution to the funds for all but core and/or minority employees who are covered by the employer's bona fide benefit plan. Given this specific contractual obligation, Labor Law § 220 does not provide defendant the option of paying cash supplements to its employees.  *See Brogan v. Swanson Painting Co.,* 682 F.2d 807, 809 (9th Cir. 1982) (cash payment of equivalent benefits, however well-intentioned, does not excuse the employer's obligation to contribute to the funds).  While this is an unfortunate result for defendant, there is no manifest injustice in holding defendant to the terms of the PLA and CBA as required by ERISA.

In its reply brief, defendant restates its argument that it is not obligated to contribute to the plaintiff funds as those contributions will not accrue to the direct benefit of its

3

employees as required by the PLA.  In support of its motion, defendant presented releases executed by its employees in which the employees stated that defendant "paid the required New York State prevailing wage for services, provided certain health insurance coverage and gave required supplements directly to the Releasing Party" and agreed to release the funds from all claims to benefits.  Item 13, Exh. D.  The fact that defendant's employees provided releases does not relieve defendant of the contribution obligation in the PLA.  The PLA provides that "such bona fide employee benefits as accrue to the direct benefit of the employee (such as pension and annuity, health and welfare, vacation, apprenticeship, training funds, etc.) shall be included in this requirement and paid by the Contractor on this Project."  Item 21, Exh. A, Article XI, section 2(a).  The existence of the releases, executed by non-parties to the PLA, is irrelevant to the contribution obligation.  The funds are established for the benefit of all employees covered by the language of the PLA, and are depleted by the amount that defendant has refused to contribute.  *See Audit Servs., Inc. v. Rolfson,* 641 F.2d 757, 761 (9th Cir. 1981).

Finally, defendant argues that summary judgment was improper as there was a question of fact as to whether defendant had designated any of its employees as "core employees" under the PLA.  Defendant failed to prove in support of its motion for summary judgment either that it had designated any of its employees as "core employees" or that the health insurance provided to certain of its employees was consistent with Labor Law § 220.  Defendant's failure to clarify these issues did not affect the court's finding on liability under ERISA, but went only to the calculation of damages.  As part of the parties' efforts to settle the damages portion of the case, defendant has now established to the plaintiff's satisfaction that several employees are "core" employees and/or minority employees under

4

the PLA.   However, defendant has not established that it provided coverage under a private benefit plan consistent with Labor Law § 220.   Defendant has merely restated its argument that it paid cash supplements consistent with Labor Law § 220. For purposes of the PLA, consistency with Labor Law § 220 requires that the amount contributed to a bona fide benefit plan be equal to the required supplement under § 220, and that the benefit plan qualify as such under the Internal Revenue Service.   *See* N.Y. Labor Law § 220(3)(e) ("The commissioner shall require proof that the pension plan for which any supplement has been paid is qualified as a bona fide plan by the United States internal revenue service. Acceptable proof shall be shown by submission of a determination letter issued by the United States internal revenue service.").   Defendant has failed to establish that it provided coverage under a bona fide benefit plan to its core and/or minority employees consistent with Labor Law § 220.

## CONCLUSION

Defendant's motion for reconsideration is denied.  Plaintiffs shall prepare an affidavit setting forth the amount of damages on or before December 4, 2008, and defendant may file a response thereto on or before January 9, 2009.   Thereafter, the court will enter judgment for plaintiffs.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   November 18      , 2008
p:\pending\2006\06-101.oct2308

5