UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUFFALO LABORERS' WELFARE FUND, et al.

                            Plaintiffs,

               -vs-                                     06-CV-101C

MCS REMEDIAL SERVICES, INC.,

                            Defendant.

---

In a decision and order dated March 31, 2008 (Item 41), this court determined that defendant was obligated to contribute to the plaintiff employee benefit funds pursuant to the applicable project labor agreement ("PLA"), collective bargaining agreement ("CBA"), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). Defendant filed a motion for reconsideration which was denied on November 19, 2008 (Item 56). At the court's direction, plaintiffs have filed a motion for judgment seeking damages in the amount of $460,811.19, representing unpaid fringe benefit contributions, union dues and Construction Industry Employers Association ("CIEA") contributions, interest, statutory damages, costs and attorney fees.

Title 29 U.S.C. § 1132 (g)(2) describes the penalties awardable in delinquent contribution actions pursuant to ERISA as:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Defendant contends that it is obligated to pay only $62,666.64 in unpaid fringe benefit contributions as it paid its "core" and/or minority employees cash supplements. The court has repeatedly found that neither the PLA nor the CBA allows for cash payments directly to the employees in lieu of benefit contributions. Accordingly, defendant is liable for the entire amount of unpaid fringe benefit contributions as determined by the audit, $210,340.92. Additionally, plaintiffs have submitted satisfactory proof of the applicable interest rate and the amount of interest owed on this amount as computed pursuant to 26 U.S.C. §6621. Accordingly, defendant is liable for interest on the unpaid fringe benefits in the amount of $74,627.91, and is also liable for $74,627.91 in statutory damages, an amount equal to the interest owed on the unpaid fringe benefits.

Defendant argues that there is no authority for an award of union dues or CIEA fees. Plaintiffs seek payment for unremitted deductions of $35,427.48 in union dues and $818.26 in CIEA fees, plus interest on both amounts. The court has reviewed the PLA, the CBA, and the audit, and has determined that plaintiffs have failed to establish their right to recover these amounts. According to the PLA, membership in the union is limited "at the employee's option and in accordance with law, to financial core membership." Item 21, Exh. A, p. 18. According to the CBA, union dues are only deducted for those employees who have executed an authorization form. Item 21, Exh. C, p. 31. It is unclear whether

2

plaintiffs were authorized to collect union dues and CIEA fees from any of defendants' employees.

Plaintiffs have presented satisfactory proof of their court costs in the amount of $390.00. Additionally, the CBA provides that plaintiffs "shall bear the cost of an inspection and audit, except where the audit discloses a delinquency in excess of 10% of the prior year's contribution or $2,000.00, whichever is greater." Item 21, Exh. C, p. 26. As defendant made no contributions to the funds, plaintiffs have shown that this requirement is satisfied and defendant is liable for $6,097.50, the cost of the audit.

Finally, plaintiffs seek an award of attorney fees in the amount of $44,377.00. Having reviewed the attorney time records submitted in support of this request, some of the entries appear duplicative, redundant, or otherwise unnecessary. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Accordingly, the requested fee award is reduced by 15 percent, or $6,656.55, and plaintiffs are awarded $37,720.45 in attorney fees. The total damages award is $403,804.69.

So ordered.

     \s\ John T. Curtin     
JOHN T. CURTIN
United States District Judge

Dated:   October 29, 2009
p:\pending\2006\06-101.oct2209